IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| Sanchez Energy Corporation, *et. al.* | § | Case No. 19-34508 |
| | § | |
| *Reorganized Debtors.*[1] | § | (Jointly Administered) |
| | § | |
| | § | |
| Carnero G&P, LLC | § | |
| | § | Adversary No. ______________ |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SN EF UnSub LP, Eagle Ford TX LP, Venado EF L.P., Mitsui E&P Texas LP, and Mesquite Energy, Inc. | § § § | |
| | § | |
| *Defendants*. | § | |

**NOTICE OF REMOVAL**

Defendants SN EF UnSub LP, Eagle Ford TX LP, Venado EF L.P., Mitsui E&P Texas LP, and Mesquite Energy, Inc. remove the state court action styled *Carnero G&P, LLC v. SN EF UnSub LP, Eagle Ford TX LP, Venado EF L.P., Mitsui E&P Texas LP, and Mesquite Energy, Inc.,* Cause No. 2021-46431, in the 269th District Court of Harris County, Texas (the "**State Court Action**"), to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"), through referral by the

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102). The location of the Reorganized Debtors' service address is 700 Milam Street, Suite 600, Houston, Texas 77002.

United States District Court for the Southern District of Texas, Houston Division (the "**District Court**"), pursuant to the District Court's General Order 2012-6. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, and Rules 9027-1 and 9027-2 of the Southern District of Texas Bankruptcy Local Rules. Jurisdiction of this case arises under 28 U.S.C. § 1334 and 11 U.S.C. §§1142, 105.

## PROCEDURAL BACKGROUND

### A. The Parties

1. Plaintiff Carnero G&P LLC ("**Carnero**") is a Delaware limited liability company, owned fifty percent (50%) by TPL SouthTex Processing Company LP ("**Targa**") and fifty percent (50%) by Evolve Transition Infrastructure LP (f/k/a Sanchez Midstream Partners LP) ("**SNMP**") with its principal place of business in Houston, Texas. Plaintiff's counsel is:

Eugene M. Nettles
Joshua W. Wolfshohl
Amy C. Falcon
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6295
enettles@porterhedges.com
jwolfshohl@porterhedges.com
afalcon@porterhedges.com

2. Defendant SN EF UnSub, LP ("**UnSub**") is a limited partnership organized under the laws of Delaware with its principal place of business at 1111 Bagby Street, Suite 2050, Houston, Texas 77002. UnSub's counsel is:

Paul M. Basta
Alice Belisle Eaton
Andrew J. Ehrlich
Sean A. Mitchell
Justin D. Ward

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3900
pbasta@paulweiss.com
aeaton@paulweiss.com
aehrlich@paulweiss.com
smitchell@paulweiss.com
jward@paulweiss.com

and

Thomas A. Woolley, III
**McCloskey Roberson, PLLC**
945 Heights Blvd.
Houston, Texas 77008
Telephone: (713) 337-3910
Facsimile: (713) 868-1275
rwoolley@mrwpllc.com

3. Defendant Eagle Ford TX LP ("**Eagle Ford**") is a limited partnership organized under the laws of Texas with its principal place of business at 5599 San Felipe Road, Suite 725, Houston, Texas 77056. Eagle Ford's counsel is:

Michelle Pector, Esq.
Jared Wilkerson, Esq.
**Morgan, Lewis & Bockius LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

Julia Frost-Davies, Esq.
Amy L. Kyle, Esq.
**Morgan, Lewis & Bockius LLP**
One Federal Street
Boston, MA 02215
Telephone: (617) 341-7700
Facsimile: (617) 341-7701

julia.frost-davies@morganlewis.com
amy.kyle@morganlewis.com

4. Defendant Venado EF L.P. ("**Venado**") is a limited partnership organized under the laws of Delaware with its principal place of business at 13215 Bee Cave Pkwy, Suite B-350, Austin, Texas 78738. Venado's counsel is:

Rex Manning
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
rex.manning@kirkland.com

5. Defendant Mitsui E&P Texas LP ("**Mitsui**") is a limited partnership organized under the laws of Texas with its principal place of business at 1300 Post Oak Blvd., Suite 1800, Houston, Texas 77056. Mitsui's counsel is:

Duston K. McFaul
Maegan Quejada
**Sidley Austin LLP**
1000 Louisiana St., Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
dmcfaul@sidley.com
mquejada@sidley.com

Angela C. Zambrano
**Sidley Austin LLP**
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
angela.zambrano@sidley.com

6. Defendant Mesquite Energy, Inc. f/k/a Sanchez Energy Corporation ("**Mesquite**") is a corporation organized under the laws of

Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. Mesquite's counsel is:

James G. Munisteri
**Foley & Lardner LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel. 713.276.5500 / Fax 713.276.5555
jmunisteri@foley.com

and

Dennis Jenkins
Joseph Bretschneider
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8276
Facsimile: (212) 728-8111
djenkins@willkie.com
jbretschneider@willkie.com

Mark T. Stancil
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1133
Facsimile: (202) 303-2133
mstancil@willkie.com

In paragraphs 13 and 23 of *Plaintiff's Original Petition,* Carnero alleges that SN EF Maverick, LLC ("**Maverick**") is "now known as Mesquite Energy, Inc." and that, "[u]pon the effective date of the Plan, Mesquite became the successor to Maverick." This statement is incorrect; Mesquite and Maverick are separate entities. Mesquite and Maverick are affiliates.

**B. The Bankruptcy Case**

7. On August 11, 2019, Sanchez Energy Corporation and certain of its affiliates ("**Debtors**") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

Southern District of Texas, Houston Division ("Bankruptcy Court"). On August 12, 2019, the Court entered an order directing joint administration of the bankruptcy cases of the Debtors, with the lead bankruptcy case as Case No. 19-3408, *In re Sanchez Energy Corporation, et al.* (the "**Bankruptcy Case**").

8. On April 30, 2020, the Bankruptcy Court entered the Order Approving Disclosure Statement and Confirming Second Amended Joint Chapter 11 Plan of Reorganization of Sanchez Energy Corporation and its Debtor Affiliates ("**Confirmation Order**").[2] The Confirmation Order approved the Second Amended Joint Chapter 11 Plan of Reorganization of Sanchez Energy Corporation and Its Debtor Affiliates (the "**Plan**").[3]

9. On June 30, 2020 (the "**Plan Effective Date**"), the Debtors filed the Notice of Effective Date. *See* Dkt. No. 1417.

10. Pursuant to the Plan, the debtors were required to identify certain executory contracts and unexpired leases either to be rejected as listed on Exhibit B (as amended, the "**Rejection Schedule**") or to be assumed as listed on Exhibit C (as amended, the "**Assumption Schedule**") to the Plan.[4] If no party in interest filed a timely objection to a contract's inclusion on either the Rejection Schedule or Assumption Schedule, the executory contract or unexpired lease was deemed assumed or rejected as indicated, effective as of the Plan Effective Date.[5] For those contracts to which an objection was timely filed, the Plan provides that the contract "shall not be deemed assumed or rejected, as applicable, until entry of an order resolving the dispute and approving the assumption or rejection" of such executory contract or unexpired lease.[6]

---

[2] 19-34508 Dkt. 1212.

[3] 19-34508 Dkt. 1212.

[4] 19-34508 Dkt. 1212 at 10 ¶¶17, 18; 55; see also Plan, Art. V.

[5] 19-34508 Dkt. 1212 at 10 ¶¶17, 18; 55.

[6] 19-34508 Dkt. 1212 at 10 ¶¶17, 18; 55.

11. Section XI of the Plan further provides that the Bankruptcy Court would "retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan" including to "**resolve any matters related to Executory Contracts or Unexpired Leases**, including: (a) the assumption . . . of any Executory Contract . . . to which a Debtor is a party" and "(b) any potential contractual obligation under any Executory Contract[.]"[7]

12. Paragraph 17 of the Confirmation Order provides that any "Executory contract or Unexpired Lease that is subject to an unresolved objection to the proposed assumption or rejection of such Executory contract or Unexpired Lease . . . shall not be demed to be assumed or rejected, as applicable, until entry of an order resolving the dispute approving the assumption or rejection."[8] Paragraph 24 provides that, until the bankruptcy court resolves the dispute regarding assumption or rejection, the "agreement shall continue as in effect immediately prior to the effective date."[9]

**C. The State Court Action**

13. Carnero filed *Plaintiff's Original Petition* and initiated the State Court Action on July 30, 2021.

14. UnSub was served on August 13, 2021.

15. Eagle Ford was served on August 13, 2021.

16. Venado was served on August 16, 2021.

17. Mitsui was served on August 13, 2021.

18. Mesquite was served on August 13, 2021.

19. None of the Defendants has filed an answer or other responsive pleading in state court. The Defendants and Plaintiff have executed a stipulation regarding the deadline for Defendants' responsive pleadings that is being filed along with this notice.

---

[7] 19-34508 Dkt. 1212 at 69 (emphasis added).

[8] 19-34508 Dkt. 1212 at 10 ¶17.

[9] 19-34508 Dkt. 1212 at 15 ¶24.

20. In the State Court Action, Carnero seeks a declaratory judgment regarding the effect of assumption and rejection on the rights and obligations of the Defendants under certain contracts that were included in the Assumption Schedule or Rejection Schedule in the Bankruptcy Case, including contracts that remain in dispute awaiting the Bankruptcy Court's resolution of matters relating to assumption or rejection of certain executory contracts. Specifically, the State Court action seeks declarations regarding the following agreements.

a. **The Marketing Agreement** – The Hydrocarbons Purchase and Marketing Agreement between Maverick and UnSub, dated January 12, 2017.[10]

The Marketing Agreement was included on the Rejection Schedule,[11] but in June and July 2020, UnSub objected[12] and initiated an adversary proceeding captioned *GSO ST Holdings LP, et. al. v. Sanchez Energy Corporation, et. al.*, Adv. Proc. No. 20-03197 (the "**GSO-Sanchez Adversary Proceeding**"). On June 28, 2021, pursuant to a settlement agreement, the Bankruptcy Court entered an order, which among other things, deemed the Marketing Agreement to be rejected, as of June 1, 2021 (the "**UnSub Stipulation and Agreed Order**").[13] Paragraph 10 of the UnSub Stipulation and Agreed Order provides that the Bankruptcy Court "shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Agreed Order.[14]

b. **The Midstream Agency Agreement** – The Retained Midstream Contracts Services Agreement, by and between Maverick, on the one hand, and Anadarko E&P Onshore, LLC, and Kerr-McGee Oil & Gas Onshore LP, on the other, and solely for the purposes of a guaranty, Mesquite, entered on or around June 1, 2017.[15]

---

[10] 19-34508 Dkt. 1373-4.

[11] 19-34508 Dkt. 1326 at 114.

[12] 19-34508 Dkt. 1354, 1356, 1456.

[13] 19-34508 Dkt. 1983 at 9.

[14] 19-34508 Dkt. 1983 at 6.

[15] 19-34508 Dkt. 1544-3.

The Midstream Agency Agreement was also listed on the Rejection Schedule,[16] and the parties in interest to that agreement also filed an objection and initiated an adversary proceeding captioned *Occidental Petroleum Corp., et. al. v. Sanchez Energy Corporation et. al., Adv. Proc. No.* 20 -03198 ("**Sanchez-Oxy Adversary Proceeding**"). The Sanchez-Oxy Adversary Proceeding remains pending.

c. **The GGPA** – The Firm Gas Gathering Processing and Purchasing Agreement between Maverick and Carnero, effective April 1, 2018.[17]

While the GGPA was initially listed on the Rejection Schedule,[18] it was ultimately assumed. The Bankruptcy Court's *Order (A) Approving a Settlement with Certain Midstream Counterparties and (B) Authorizing the Assumption of Certain Related Contracts, as Amended*, (the "Midstream Settlement Approval Order"), by which the GGPA was assumed, determined that ordered, among other things, that "[a]ny determination by SN Maverick as to whether to assume or reject a contract must be . . . made by [a fiduciary for SN Maverick];in the best interest of SN Maverick; . . . and considered after notice and hearing" and "[a]ny rejection or termination of any material agreement affecting the Comanche Assets or any adoption of a material agreement affecting the Comanche Assets must be approved by either (i) the Operating Committee" (which no longer exists) or "(ii) otherwise by Order of this Court.[19]

d. **The UnSub Ratification Agreement** – The Ratification and Assumption Agreement between UnSub, Maverick, and Carnero, effective April 1, 2018.[20]

The UnSub Ratification Agreement was listed on the Assumption Schedule, but parties in interest to that agreement filed objections.[21] Pursuant to the Stipulation and

[16] 19-34508 Dkt. 1326 at 86.

[17] 19-34508 Dkt. 1373-8. The GGPA was amended, through the Amendment to Firm Gas Gatherings, Processing and Purchase Agreement by and among SN EF UnSub, LP, Eagle Ford TX LP, Venado EF L.P., Gavilan Resources, LLC, SN EF Maverick, LLC, and Carnero G&P LLC, dated as of April 1, 2018.

[18] *Compare* 19-34508 Dkt. 1326 at 193, with 19-34508 Dkt. 1188 at 93.

[19] 19-34508 Dkt. 1415 at 5-6 ¶¶10, 13.

[20] 19-34508 Dkt. 1373-7.

[21] 19-34508 Dkt. 1373.

Agreed Order discussed above, the UnSub Ratification Agreement was deemed assumed as of June 1, 2021.[22]

e. **The Letter Agreement** – The Letter Agreement between Mitsui, Carnero, and Maverick, effective April 1, 2018.[23] The Bankruptcy Court has not issued an order assuming or rejecting the Letter Agreement.[24]

21. Carnero's petition alleges that, ***if*** the Bankruptcy Court ultimately rejects the Midstream Agency Agreement (which, as noted above, was listed on the Rejection Schedule and is currently subject to an objection), the GGPA and certain ratification agreements would require delivery of the gas to Carnero that is currently subject to the Midstream Agency Agreement.[25]

22. The petition further alleges that Mesquite is obligated (under the GGPA) to continue pursuing rejection of the Midstream Agency Agreement in Bankruptcy Case. The petition claims that Mesquite "might withdraw its rejection" motion and "may be in active negotiations to enter into a new marketing agreement or modified version of the rejected Marketing Agreement."[26]

23. The petition asks the state court to issue an order declaring the Defendants' rights and obligations under various contracts as a matter of

---

[22] 19-34508 Dkt. 1983 at 8.

[23] 19-34508 Dkt. 1326 at 197.

[24] While only identified as the "Ratification Agreements" in the Original Petition, Carnero's claims relate to other agreements at issue in the Bankruptcy Case, including but not limited to the following:

- Memorandum of Agreement by and among Venado EF L.P., SN EF Maverick, LLC, and Carnero G&P LLC, dated as of April 1, 2018;
- Ratification and Assumption Agreement by and among Venado EF L.P., SN EF Maverick, LLC, and Carnero G&P LLC, dated as of April 1, 2018;
- Memorandum of Agreement by and among Eagle Ford TX LP, SN Ef Maverick, LLC, and Carnero G&P LLC, dated as of April 1, 2018; and
- Ratification and Assumption Agreement by and among Eagle Ford TX, LP, SN EF Maverick, LLC, and Carnero G&P, LLC, dated as of April 1, 2018.

[25] Original Pet. at 7 ¶24.

[26] Original Pet. at 9 ¶¶25 – 26.

bankruptcy law. For example, Carnero asks the state court to issue an order declaring the legal effect of the rejection of the Marketing Agreement under 11 U.S.C. § 365, and declaring that, following such rejection, "UnSub must deliver UnSub's gas . . . to Carnero for gathering, processing, and purchase under the terms of the GGPA and the Ratification Agreement."[27]

24. Carnero also requests the state court declare that Mesquite is obligated to "pursu[e] rejection of the Midstream Agency Agreement under 11 U.S.C. § 365" and that, after "rejection of the Midstream Agency Agreement under 11 U.S.C. § 365," the Defendants' gas in the "Comanche Assets automatically become and remain subject to the obligations set forth in the GGPA and the Ratification Agreement" and the Defendants must deliver their gas to Carnero.[28]

## BASIS FOR REMOVAL

25. Section 1452 provides that a "party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) because it arises under Chapter 11 or arises in or is related to the Bankruptcy Case.

26. "Subject matter jurisdiction remains in the bankruptcy court, even after a bankruptcy case is closed, to assure that the rights afforded to a debtor by the Bankruptcy Code are fully vindicated." *Galaz v. Katona (In re Galaz)*, 841 F.3d 316, 322 (5th Cir. 2016) (cleaned up); *TXMS Real Estate Investments, Inc. v. Senior Care Centers, LLC (In re Senior Care Centers, LLC)*, 622 B.R. 680, 688 (Bankr. N.D. Tex. 2020). This authority includes "jurisdiction

[27] Original Pet. at 10 ¶36(j).

[28] Original Pet. at 10 ¶36(k) – (l).

to interpret and enforce its own prior orders." *Burch v. Freedom Mortgage Corporation (Matter of Burch)*, 835 Fed. Appx. 741, 748 (5th Cir. 2021).

27. Specifically, bankruptcy courts maintain "'arising in or under' jurisdiction" (or "core" jurisdiction) over disputes centering on the interpretation of one of their orders. *Rohifard v. Brewer & Prichard, P.C. (In re ABC Dentistry, P.A.)*, 16-34221, 2019 WL 913356, at *3 (Bankr. S.D. Tex. Feb. 21, 2019), *aff'd*, BR H-16-34221-11, 2019 WL 6894775 (S.D. Tex. Dec. 17, 2019), *rev'd on other grounds*, 978 F.3d 323 (5th Cir. 2020); *see also Galaz v. Katona (In re Galaz)*, 841 F.3d 316, 322 (5th Cir. 2016) (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)).

28. Bankruptcy courts have "related to" (or "non-core" jurisdiction) over matters that "could conceivably have any effect on the estate being administered in bankruptcy." *Maddox v. O'Cheskey (In re Am. Hous. Found.)*, 09-ap-20232-RLJ, 2015 WL 5781396, at *12 (Bankr. N.D. Tex. Sept. 30, 2015); *see also Crown Vantage*, 421 F.3d 963 (9th Cir. 2005) (discussing factors for retention of "related to" jurisdiction).

29. Here, the State Court Action expressly requests declarations regarding the rejection or assumption of certain executory contracts under Section 365 of the Bankruptcy Code, including those agreements that have not yet been assumed or rejected in the Bankruptcy Case (and thus seeks a declaration as to the scope or effect of such assumption or rejection decision that the Bankruptcy Court may enter in the future). Carnero further seeks to preclude Mesquite[29] from withdrawing its rejection of the Midstream Agency

[29] Carnero named only Mesquite as a party to the State Court Action, but Maverick is the real party in interest because (i) Maverick is the counterparty to the various agreements and (ii) Maverick is the party that listed the Midstream Agency Agreement on the Rejection Schedule. The Defendants refer in this Notice of Removal to "Mesquite," as that is the entity that Carnero sued, but do not waive their objection that Mesquite is not the real party in interest.

To the extent that naming Mesquite—not Maverick—in the State Court Action was intentional and Carnero in fact seeks a judgment declaring that *Mesquite* is obligated under various agreements that it was not a party to, Carnero's claim against Mesquite requires the interpretation and enforcement of the Confirmation Order and Plan, and therefore arises in the Bankruptcy Case.

Agreement in the Bankruptcy Case and to preempt an order from this Court on the impact of any rejection of the Midstream Agency Agreement.

30. When the Bankruptcy Court entered the Midstream Settlement Approval Order, it recognized the complexities of the various agreements related to the Comanche Assets and required the rejection or termination of material agreements affecting the Comanche Assets to be approved by an order of the Bankruptcy Court (or Operating Committee).[30] Moreover, it imposed further conditions precedent to Maverick's assumption or rejection of executory contracts, including that any assumption or rejection has to be made by a fiduciary for Maverick, in the best interest of Maverick, and after notice and hearing.[31]

31. Through the State Court Action, Carnero attempts to interfere with the Bankruptcy Court's determinations regarding the rejection or assumption of certain executory contracts, pursuant to the process laid out in the Confirmation Order and Plan (and further supplemented by the Bankruptcy Court's orders, including the Midstream Settlement Approval Order). Moreover, the petition's invocation of the Bankruptcy Code and its attempt to affect (or preclude) future prospective orders from the Bankruptcy Court—and positions that Mesquite (or Maverick) may take in the Bankruptcy Case in the future, including in compliance with the Midstream Settlement Order—confer jurisdiction on this Court because Carnero's claims "arise in," or at the very least relate to, the Bankruptcy Case.

[30] 19-34508 Dkt. 1415 at 6 ¶13.

[31] 19-34508 Dkt. 1415 at 5-6 ¶11

## ADDITIONAL PROCEDURAL MATTERS

### A. Timely Removal under § 1446 and Bankruptcy Rule 9027(a)(3)

32. This notice of removal is timely filed because it is filed within 30 days of service and within the period provided by Federal Rule of Bankruptcy Procedure 9027(a)(3) and 28 U.S.C. §1446(b).

### B. Proper Federal Court

33. The 269th District Court of Harris County, Texas is located within the Southern District of Texas, Houston Division. Therefore, under 28 U.S.C. §§ 1334 and 1452, and Fed. R. Bankr. P. 9027, this action is properly removed to this Court. *See, e.g., In re SBMC Healthcare, LLC,* 519 B.R. 172 (Bankr. S.D. Tex. 2014).

34. Pursuant to Local Rule 9027-1, Defendants state that they do consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

### C. State Court Documents Attached

35. Pursuant to Fed. R. Bankr. P. 9027(a) and Bankruptcy Local Rule 9027-1, an appendix is attached to this notice, which includes a copy of the state-court docket sheet and all documents filed with the state court.

### D. Notice

36. Upon the filing of this notice of removal, the Defendants will duly notify the Clerk for the 269th District Court for Harris County, Texas, attaching a copy of this notice of removal.

DocuSigned by:
James G. Munisteri
E5E2633D7BD34D5... Date: 9/10/2021

James G. Munisteri
Texas Bar No. 14667380
Sharon M. Beausoleil
Texas Bar No. 24025245
**Foley & Lardner LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel. 713.276.5500 / Fax
713.276.5555
jmunisteri@foley.com
sbeausoleil@foley.com

Sara Ann Brown
**Foley & Lardner LLP**
Texas Bar No. 24075773
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel. 214.999.4887 / Fax
214.999.4667
sabrown@foley.com

Dennis Jenkins
Joseph Bretschneider
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8276
Facsimile: (212) 728-8111
djenkins@willkie.com
jbretschneider@willkie.com

Mark T. Stancil
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1133
Facsimile: (202) 303-2133
mstancil@willkie.com

**Attorneys for Defendant**
**Mesquite Energy, Inc.**

DocuSigned by:
Thomas A. Woolley, III
0FC1CCB27AE0457...
______________________ Date: 9/9/2021

Thomas A. Woolley, III
**McCloskey Roberson, PLLC**
945 Heights Blvd.
Houston, Texas 77008
Telephone: (713) 337-3910
Facsimile: (713) 868-1275
rwoolley@mrwpllc.com

Paul M. Basta
Alice Belisle Eaton
Andrew J. Ehrlich
Sean A. Mitchell
Justin D. Ward
**Paul, Weiss, Rifkind, Wharton**
**& Garrison LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3900
pbasta@paulweiss.com
aeaton@paulweiss.com
aehrlich@paulweiss.com
smitchell@paulweiss.com
jward@paulweiss.com

**Attorneys for Defendant SN**
**EF UnSub, LP**

DocuSigned by:
Jared Wilkerson
3547C8B788AE472...
______________________________ Date: 9/9/2021

Michelle Pector, Esq.
Jared Wilkerson, Esq.
**Morgan, Lewis & Bockius LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

Julia Frost-Davies, Esq.
Amy L. Kyle, Esq.
**Morgan, Lewis & Bockius LLP**
One Federal Street
Boston, MA 02215
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
julia.frost-davies@morganlewis.com
amy.kyle@morganlewis.com

**Attorneys for Defendant Eagle Ford TX, LP**

DocuSigned by:
Rex Manning
5F49358EDFCC492...
______________________________ Date: 9/9/2021

Rex Manning
**Kirkland & Ellis LLP**
Kirkland & Ellis International LLP
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
rex.manning@kirkland.com

**Attorney for Defendant Venado EF L.P.**

DocuSigned by:
Maegan Quejada
5722FFAE5E27497...
______________________________ Date: 9/9/2021

Duston K. McFaul
Maegan Quejada
**Sidley Austin LLP**
1000 Louisiana St., Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
dmcfaul@sidley.com
mquejada@sidley.com

Angela C. Zambrano
**Sidley Austin LLP**
2021 McKinney Ave., Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
angela.zambrano@sidley.com

**Attorneys for Defendant**
**Mitsui E&P Texas LP**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on September 9, 2021, on all persons entitled to receive service through the Court's Pacer ECF filing system.

*/s/ Sharon M. Beausoleil*
Sharon M. Beausoleil